# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLBERTO RIVERA RAMOS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUBARU OF AMERICA, INC., et al.,<br><br>　　　　　　Defendants.<br>_____/ | Case No.  1:22-cv-01516-AWI-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 7) |

Plaintiff Nolberto Rivera Ramos filed this action in Stanislaus County Superior Court against Defendant Subaru of America, Inc. for claims under the Song-Beverly Consumer Warranty Act; breach of express and implied warranties under state law; violation of the federal Magnuson-Moss Warranty Act; and violation of California Business and Professions Code § 17200. (*See* Doc. 1.) Defendant removed the action to this Court on November 21, 2022, on grounds of diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. (*See id*.)

On February 17, 2023, Plaintiff filed a motion for leave to file a first amended complaint pursuant to Fed. R. Civ. P. 15(a). (*See* Doc. 7.) Plaintiff seeks leave to join as a defendant U LVS, LLC, doing business as "Livermore Subaru"; to add a statement of facts and modify the wording of the causes of action; and to remove the cause of action for violation of the Magnuson-Moss Warranty Act. (*See id* at 2.)

Plaintiff's proposed first amended complaint is devoid of any allegations that this Court has subject matter jurisdiction. The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceeding, and if the Court finds it lacks subject matter jurisdiction, the court must dismiss (or remand) the action. *See* Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). As described below, the proposed first amended complaint fails to plead sufficiently federal jurisdiction.

First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (internal quotations omitted). Because Plaintiff's proposed first amended complaint removes the claim for relief under the federal Magnuson-Moss Warranty Act (*see* Doc. 7 at 2), and all remaining claims arise under California law, it fails to plead jurisdiction under § 1331.

Second, 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by [their] state of domicile, not [their] state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability company (LLC) is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of

its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611-12 (9th Cir. 2016).

Plaintiff does not allege the citizenship of the members or owners of the to-be-joined defendant U LVS, LLC. The proposed first amended complaint simply states that "Defendant U LVS, LLC, is and was a California limited liability company, doing business as[] Livermore Subaru ('LIVERMORE SUBARU"') [sic] is registered to do business in the State of California." (Doc. 7 at 9.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Because Plaintiff does not allege the citizenship of the LLC members or owners, the proposed amended complaint fails to plead complete diversity to establish jurisdiction under § 1332. *See, e.g., Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, 2015 WL 6689261, at *3 (E.D. Cal. Oct. 28, 2015) (granting motion to dismiss where plaintiff's second amendment complaint was "devoid of any mention of the citizenship of the owners of the LLC" because "failure to specify the state citizenship of the parties is fatal to the assertion of diversity jurisdiction").

Accordingly, Plaintiff's motion for leave to file a first amended complaint (Doc. 7) is DENIED WITHOUT PREJUDICE, subject to being renewed with a proposed amended complaint that pleads the basis for this Court's subject matter jurisdiction, addressing the issues identified in this order.[1]

IT IS SO ORDERED.

Dated:   **March 6, 2023**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent joinder of U LVS, LLC as a defendant would destroy diversity jurisdiction, any renewed motion to amend seeking such relief shall be brought under 28 U.S.C. § 1447(e), not Fed. R. Civ. P. 15(a). *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) ("[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. 1447(e).") (citations omitted); *see also Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties.") (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999) (holding that amendment under Fed. R. Civ. P. 15(a) should not be permitted where to do so would destroy diversity after removal because it "would allow a plaintiff to improperly manipulate the forum of an action")).